IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Laura B. Morton, | Case No: 2:18-cv-445 |
| Plaintiff, | Judge Graham |
| v. | Magistrate Judge Deavers |
| Kevin John O'Brien, *et al.*, | |
| Defendants. | |

Opinion and Order

Plaintiff Laura B. Morton brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. She alleges that defendants, attorney Kevin John O'Brien and his law firm Kevin O'Brien & Associates Co., L.P.A., violated the FDCPA in the course of attempting to collect on a debt owed by plaintiff's adult daughter. Plaintiff alleges that defendants violated the FDCPA by misrepresenting to plaintiff that they had placed a lien on plaintiff's home and by threatening to foreclose if plaintiff did not pay the debt.

This matter is before the court on defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is denied for the reasons stated below.

**I.     Background**

According to the amended complaint, plaintiff has a daughter named Laura L. Morton. The daughter took out a personal loan in 2003 in the amount of $200 from Columbus Check Cashers ("CCC"). In 2016, CCC filed a collection action in Franklin County Municipal Court against the daughter. Defendants served as legal counsel for CCC in the collection action. The address listed in the collection action for the daughter was 7688 Wyndover Place in Blacklick, Ohio. The action ended in a judgment against the daughter.

Defendants filed, on CCC's behalf, for a certificate of judgment lien in the Franklin County Court of Common Pleas on April 29, 2017. In the praecipe submitted by defendants, they listed the daughter's address as being 1486 Fairgate Avenue in Columbus. According to the complaint in this action, the Fairgate Avenue address belongs to plaintiff, not the daughter. The clerk of court issued a certificate of judgment on the same day. The clerk's certificate listed the judgment debtor's address as 7688 Wyndover Place.

On or about May 3, 2017, plaintiff received a debt collection letter from defendants. The letter was addressed to "Laura Morton" and was sent to plaintiff's home address of 1486 Fairgate Avenue. At the top of the letter, the recipient's address was again listed as 1486 Fairgate Avenue.

The letter stated that CCC had "secured a judgment against you" in the amount of $200, plus interest and court costs. The letter referenced a case number corresponding to the collection action against the daughter. The letter further provided:

> On April 29, 2017, CCC made the aforesaid judgment a lien upon your real estate located at 1486 Fairgate Ave., Columbus, Franklin County, Ohio, 43206, see, attached certificate of judgment. CCC is now in a position to foreclose upon the aforesaid real estate.
>
> Upon receipt of this letter, please contact the undersigned to make arrangements to liquidate the aforesaid judgment. If you have not paid or made arrangements to pay CCC's judgment by the close of business on Friday, June 9, 2017, CCC may foreclose on the aforesaid real estate. Do not ignore this letter. This matter requires your immediate attention.

The letter was signed by Mr. O'Brien and contained a notice at the bottom stating, "THIS IS AN ATTEMPT TO COLLECT A DEBT."

Plaintiff was concerned by the letter. She soon came to the understanding that the debt was owed by her daughter. Plaintiff and her daughter called Mr. O'Brien on May 8, 2017 and explained that the daughter owed the debt but the house on Fairgate Avenue belonged only to plaintiff and her husband. Plaintiff asked Mr. O'Brien to remove the lien from her house. According to the complaint, Mr. O'Brien refused to agree to remove the lien and refused to promise not to foreclose on the house. Mr. O'Brien's aggressive words and tone caused plaintiff to believe that foreclosure was a likely result unless plaintiff paid off her daughter's debt.

Plaintiff brings this suit alleging that defendants violated the FDCPA by making false and misleading representations and by threatening to take action that could not legally be taken. Plaintiff further alleges that defendants violated the FDCPA by acting without authority to represent CCC in collecting on the loan owed by her daughter.

## II. Standard of Review

When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should construe the

2

complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true.  Iqbal, 556 U.S. at 679; Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Twombly, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").  The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief."  Twombly, 550 U.S. at 556 n.3.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Iqbal, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678. Though "[s]pecific facts are not necessary," Erickson, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," Twombly, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555-56.  This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'– 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. Discussion

To prevail on her FDCPA claim, plaintiff must establish that: (1) she is a "consumer," (2) the "debt" arose out of a transaction which was "primarily for personal, family or household purposes,"

3

(3) the defendant is a "debt collector" and (4) defendant violated one of the prohibitions set forth in § 1692e. See Bauman v. Bank of Am., N.A., 808 F.3d 1097, 1100 (6th Cir. 2015); 15 U.S.C §1692a.

For purposes of the motion to dismiss, defendants do not contest that the first three elements are satisfied. Instead they argue that they did not violate any of the FDCPA's prohibitions. Under Ohio law, a judgment is a lien upon the property of the judgment debtor only. O.R.C. § 2329.02. Defendants observe that the judgment against the daughter could not legally attach to plaintiff's real estate and thus it was impossible for them to foreclose on plaintiff's home. Defendants argue that plaintiff could not have been deceived or felt threatened by the May 3 letter because no reasonable person in plaintiff's position would have believed that defendants could attach a lien to her home and proceed with foreclosure. As to the May 8 phone call, defendants argue that Mr. O'Brien's personal notes reflect that he attempted to explain Ohio law to plaintiff and her daughter, but plaintiff was "argumentative and did not want to listen." Doc. 18 at p. 8.

Under the FDCPA, a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). It is also unlawful for a debt collector to "threat[en] to take any action that cannot legally be taken or that is not intended to be taken." Id. at § 1692e(5).

The court finds that plaintiff has sufficiently alleged that the debt collection letter contained a false or deceptive statement. In particular, the letter told plaintiff that CCC had placed a lien on her home. Defendants admit that Ohio law does not permit a judgment lien on property not owned by the judgment debtor. In addition, plaintiff has sufficiently alleged that the debt collection letter twice threatened to foreclose on her home, even though (as defendants again admit) it would not have been legally permissible for them to do so.

The court further finds that the factual allegations support a plausible inference that it was reasonable for plaintiff to have been deceived by defendants' conduct. The issue of whether a debt collector's conduct fits within the "broad scope" of the FDCPA's prohibitions is viewed through the eyes of the "least sophisticated consumer." Currier v. First Resolution Inv. Corp., 762 F.3d 529, 533 (6th Cir. 2014); Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326-27 (6th Cir. 2012). "This standard recognizes that the FDCPA protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices." Currier, 762 F.3d at 533.

Generally, the least sophisticated consumer is not expected to fully grasp legal terminology. See, e.g., Hartman v. Great Seneca Fin. Corp., 569 F.3d 606, 613 (6th Cir. 2009); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 594 (6th Cir. 2009) (courts are to allow "some leeway for the use of legal terms of art and other language that might be difficult for the least-sophisticated consumer to understand"). In the same way, plaintiff's allegation that the least sophisticated consumer would not appreciate the workings of Ohio law with respect to judgment liens is a plausible one. In the mailing plaintiff received, her residence was identified three times – on the envelope, at the top of the letter and in the body of the letter – as the one subject to a lien and foreclosure. The letter specifically warned plaintiff not to ignore the matter. Even if a recipient had reason to think there had been a mistake, as plaintiff soon did, it is plausible that the letter's incorrect representations and threats of foreclosure would have caused the least sophisticated consumer to believe that there was a legitimate potential of defendants proceeding with a foreclosure.

Plaintiff's amended complaint and the defendants' motion to dismiss both appear to agree that the least sophisticated consumer would have contacted the debt collector to clear up any mistake or confusion. Assuming, without deciding, that this is true, the court finds that the complaint again sufficiently alleges that the least sophisticated consumer would have nonetheless remained misled and intimated after the phone call to Mr. O'Brien. According to the complaint, Mr. O'Brien refused to remove the lien on plaintiff's house and declined to promise not to foreclose on her home. The complaint alleges that Mr. O'Brien insisted that "he was right" and plaintiff was wrong. Am. Comp., ¶ 28. Though defendants argue that Mr. O'Brien's notes indicate otherwise, the court cannot consider such extrinsic evidence at this stage.

**IV.   Conclusion**

For the reasons state above, defendants' motion to dismiss (doc. 18) is DENIED. Defendants' motion to be permitted 14 days from the date of this order to respond to plaintiff's motion for partial summary judgment (doc. 33) is GRANTED.

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

DATE: November 12, 2019

5