IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Laura B. Morton,

    Plaintiff,

v.

Kevin John O'Brien, *et al.*,

    Defendants.

Case No: 2:18-cv-445

Judge Graham

Magistrate Judge Deavers

<u>Opinion and Order</u>

Plaintiff Laura B. Morton brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. The complaint alleges that defendants, attorney Kevin John O'Brien and his law firm Kevin O'Brien & Associates Co., L.P.A., violated the FDCPA in the course of attempting to collect on a debt owed by plaintiff's adult daughter. Plaintiff alleges that defendants violated the FDCPA in three ways: (1) by misrepresenting to plaintiff that she owed the alleged debt; (2) by threatening to foreclose on plaintiff's home if she failed to pay the alleged debt; and (3) by trying to collect the debt when defendants lacked authority to act on behalf of the creditor, Columbus Check Cashers ("CCC").

This matter is before the court on plaintiff's partial motion for summary judgment on the issue of liability, which is denied for the reasons stated below.

**I.**

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see <u>Longaberger Co. v. Kolt</u>, 586 F.3d 459, 465 (6th Cir. 2009). The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Walton v. Ford Motor Co.</u>, 424 F.3d 481, 485 (6th Cir. 2005).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations. <u>Daugherty v. Sajar Plastics, Inc.</u>, 544 F.3d 696, 702 (6th Cir. 2008). In reviewing a motion for summary judgment, a court must determine whether "the evidence

1

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992).

## II.

Much of the background of this case was set forth in the court's November 12, 2019 Opinion and Order denying defendants' motion to dismiss.

Briefly stated, plaintiff Laura B. Morton has a daughter named Laura L. Morton. Her daughter took out a personal loan from CCC in 2003 in the amount of $200. In 2016, CCC filed a collection action in Franklin County Municipal Court against the daughter. Defendants served as legal counsel for CCC in the collection action, which ended in a judgment against the daughter.

Defendants filed for a certificate of judgment lien in state court with respect to the daughter in April 2017. In the praecipe submitted by defendants, they listed the daughter's address as being 1486 Fairgate Avenue in Columbus, Ohio. The Fairgate Avenue residence belongs to plaintiff, not the daughter. On April 29, 2017, the county clerk of court issued a certificate of judgment. The clerk's certificate listed the judgment debtor's address as 7688 Wyndover Place in Blacklick, Ohio, which was address listed for the daughter in the collection action. See Doc. 31-1 at PAGEID 213.

On or about May 3, 2017, plaintiff received a debt collection letter from defendants. The letter was addressed to "Laura Morton" and was sent to plaintiff's home address of 1486 Fairgate Avenue. The letter stated that CCC had "secured a judgment against you" in the amount of $200, plus interest and court costs. The letter referenced a case number corresponding to the collection action against the daughter. The letter further provided:

> On April 29, 2017, CCC made the aforesaid judgment a lien upon your real estate located at 1486 Fairgate Ave., Columbus, Franklin County, Ohio, 43206, see, attached certificate of judgment. CCC is now in a position to foreclose upon the aforesaid real estate.
>
> Upon receipt of this letter, please contact the undersigned to make arrangements to liquidate the aforesaid judgment. If you have not paid or made arrangements to pay CCC's judgment by the close of business on Friday, June 9, 2017, CCC may foreclose on the aforesaid real estate. Do not ignore this letter. This matter requires your immediate attention.

2

The letter was signed by defendant O'Brien and contained a notice at the bottom stating, "THIS IS AN ATTEMPT TO COLLECT A DEBT."

Attached to the letter was a copy of the certificate of judgment, which showed a case caption of CCC's collection action against plaintiff's daughter and had the daughter's address in Blacklick listed. See Doc. 31-1 at PAGEDID 217.

According to the amended complaint, plaintiff "knew that she was not responsible for the Loan." Doc. 17 at ¶ 26. Plaintiff's daughter received the same debt collection letter, addressed to her residence in Blacklick. See Doc. 31-1 at PAGEID 214. Knowing that the debt belonged to her daughter, plaintiff "thought that the matter could be straightened out" by calling O'Brien and explaining that "she and her daughter had the same first and last names" but did not reside at the same address. Id.

Plaintiff and her daughter called O'Brien on May 8, 2017 and explained that the daughter owed the debt but the house on Fairgate Avenue belonged only to plaintiff and her husband. Id. at ¶¶ 27, 28. Plaintiff asked O'Brien to remove the purported lien from her house. According to the amended complaint, O'Brien refused to agree to remove the lien and refused to promise not to foreclose on plaintiff's house. O'Brien's aggressive words and tone caused plaintiff to believe that foreclosure was a likely result unless plaintiff paid off her daughter's debt. Id. at ¶¶ 28-31.

O'Brien denies that he conducted himself during the phone call in the manner alleged by plaintiff. He says that he explained to them that under Ohio law the lien could attach only to the property of the judgment debtor, who was the daughter, and that it was legally impossible for the lien to attach to the plaintiff's property and impossible for CCC to foreclose on plaintiff's property. Doc. 18 at PAGEID 102-03; Doc. 32 at PAGEID 292. O'Brien states that during the phone call, plaintiff and daughter were argumentative and would not listen to his explanation.

### III.

Plaintiff's first two claims are that defendants violated the FDCPA by misrepresenting to plaintiff that she owed the alleged debt and by threatening to foreclose on plaintiff's home if she failed to pay the alleged debt.

To prevail under the FDCPA, plaintiff must establish that: (1) she is a "consumer," (2) the "debt" arose out of a transaction which was "primarily for personal, family or household purposes," (3) the defendant is a "debt collector" and (4) defendant violated one of the prohibitions set forth in

3

§ 1692e. See Bauman v. Bank of Am., N.A., 808 F.3d 1097, 1100 (6th Cir. 2015); 15 U.S.C §1692a. The parties do not contest that the first three elements are satisfied.

Regarding the fourth element of a claim, the FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692a. A "threat to take any action that cannot legally be taken or that is not intended to be taken" qualifies as a false, deceptive or misleading representation. § 1692e(5).

In her motion for summary judgment, plaintiff argues that she should prevail because the letter alone violated the FDCPA. Plaintiff emphasizes that beyond dispute the letter falsely stated that she owed the debt and falsely threatened her with foreclosure, an action which defendants admit could not legally be taken under Ohio law as to plaintiff's property.

The court must deny summary judgment to plaintiff on these two claims because the motion ignores the significant legal issue of whether the alleged false statements in the letter would have caused the least sophisticated consumer to have been misled. On its face, the letter sent to plaintiff appears to be the product of a mistake of identity. It refers to a collection action to which plaintiff was not a party and it attached a certificate of judgment against plaintiff's daughter.

In denying defendants' motion to dismiss, the court noted, "Plaintiff's amended complaint and the defendants' motion to dismiss both appear to agree that the least sophisticated consumer would have contacted the debt collector to clear up any mistake or confusion." The court, however, found for purposes of Rule 12(b)(6) that the amended complaint sufficiently alleged that O'Brien had repeated the false representation and threat during the phone call with plaintiff and her daughter.

Plaintiff now contends in her motion for summary judgment that her claims do not hinge on what O'Brien said during the May 8, 2017 phone call. She asserts that the defendants' May 3 letter in itself violated the FDCPA.

Plaintiff has not provided any authority in support of her position, which rests on the incorrect assertion that so long as the letter contains a false statement, then defendants are automatically liable under the FDCPA. The Sixth Circuit has made clear that a technical falsity is not sufficient under the Act; the false statement must be material:

> Whether a debt collector's actions are false, deceptive, or misleading under § 1692e is based on whether the 'least sophisticated consumer' would be misled by defendant's actions. Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006). In addition, in applying this standard, we have also held that a statement must be materially false or misleading to violate Section 1692e. See Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596-97 (6th Cir. 2009) (applying a materiality standard to a

4

> Section 1692e claim that was based on alleged misstatements in legal pleadings). The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer.

Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326-27 (6th Cir. 2012).

Whether an error in a debt collection communication about the identity of a party is material depends on the circumstances. In Wallace, the court held that "a clearly false representation of the creditor's name" was a materially false statement where the plaintiff alleged the misrepresentation caused her to contact the wrong party and resulted in confusion and delay in the plaintiff's attempt to cure her default. 683 F.3d at 327-28. In contrast, in Duffey v. Nationstar Mortgage, 614 Fed. App'x 330 (6th Cir. 2015), the court found that an error in identifying the loan servicer was not material because the notice correctly identified the creditor and the person to contact about the debt. 614 Fed. App'x at 334 ("Such language identifies the correct person to contact . . . . And unlike the mortgagor in Wallace, the Duffeys never claim that the misidentification caused them to contact the wrong party or otherwise delay in acting. Because the statement at issue identifies the correct entity to contact, and such entity represented both the creditor and the loan servicer, we hold that it would not tend to mislead or confuse the reasonable unsophisticated consumer.").

In moving for summary judgment, plaintiff has failed to establish that the alleged false statement and threat in the letter were material. This case boils down to mistaken identity – defendants sent the letter to the mother when it should have been sent to the daughter. The court is unwilling to hold at summary judgment that the least sophisticated consumer would have been misled or confused by the letter, particularly in light of plaintiff's own complaint, which admits that plaintiff "knew that she was not responsible for the Loan" and believed that a simple phone call to the defendants would get the mistake "straightened out." See Currier v. First Resolution Inv. Corp., 762 F.3d 529, 533 (6th Cir. 2014) (holding that the least sophisticated consumer standard presumes "a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices").

A reasonable consumer in plaintiff's shoes, knowing that her first and last name matched that of her daughter and knowing that her daughter owed the debt, would have done exactly as plaintiff did – call the debt collector to clear up the apparent mistake.

Here is where a genuine issue of material fact remains: according to plaintiff's complaint, during the phone call O'Brien forcefully reiterated the assertion that plaintiff personally owed the debt and his threat to foreclose on her property and not her daughter's. But according to

defendant's briefs, O'Brien did the opposite and dispelled the notion that it was plaintiff who owed the debt or that it was plaintiff's house which would be subject to foreclosure.

Even so, neither party has presented these factual assertions in admissible form. The amended complaint is not verified and plaintiff has not submitted an affidavit, declaration or deposition testimony concerning the content of the May 8 phone call. Defendants have submitted what they purport to be O'Brien's notes from the phone call; however, they have not submitted a sworn statement from O'Brien authenticating the notes.

The court thus finds that plaintiff has not met her burden at summary judgment of establishing that the least sophisticated consumer would have been misled or confused by O'Brien's communications.

## IV.

Plaintiff's third claim is that defendants acted deceptively by misrepresenting their authority to act on behalf of CCC. This alleged false statement would likely be material because, as in Wallace, it would cause the recipient of the letter to contact the wrong party and result in confusion and delay. 683 F.3d at 327-28; see also 15 U.S.C §1692a(10).

The court denies the motion for summary judgment on plaintiff's third claim because defendants have created a genuine dispute of material fact as to their authority to collect debts on CCC's behalf.

According to plaintiff, O'Brien and his firm at one point had an agreement with CCC to collect their debts. But after a March 1, 2012 change in company structure, whereby an entity called PLS Financial Services, Inc. took over management of collections for CCC and later acquired CCC, the relationship with O'Brien was re-examined. See Madsen Aff. at ¶ 3. On October 3, 2012, a PLS representative sent an email telling O'Brien to cease all collections activity on behalf of CCC. See id. at ¶ 8, Ex. A.

O'Brien denies that he received the October 3, 2012 email. See O'Brien Aff. at ¶ 3; Doc. 33 at PAGEID 307-08. Plaintiff contends that O'Brien's assertion is contradicted by an email showing that he responded to PLS on October 4 asking to discuss his pending collections activity. See Madsen Aff. at ¶ 9, Ex. B. And on October 5, PLS sent another email to O'Brien to "stop all activity on these accounts." Id.

The October 5 email from PLS directed O'Brien to contact PLS's general legal counsel, Ross Kleiman, if he had any questions. O'Brien asserts that even if he did receive the emails from PLS,

6

he called Kleiman, who on October 19, 2012 specifically instructed O'Brien to "continue as collection counsel" on pending matters. O'Brien Aff. at ¶ 3; Doc. 33 at PAGEID 308. O'Brien contends that his authority to collect CCC's debts continued on through the time he sent the May 3, 2017 letter to plaintiff. O'Brien represents that he and his firm were not terminated by PLS until November 14, 2017. See id. at PAGEID 307.

In light of the contradictory facts submitted by the parties on this issue, the court finds that plaintiff has not met her burden of establishing that she is entitled to summary judgment.

## V.

Accordingly, plaintiff's partial motion for summary judgment on the issue of liability (doc. 31) is DENIED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: March 30, 2020