IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Laura B. Morton, | Case No: 2:18-cv-445 |
|     Plaintiff, | Judge Graham |
| v. | Magistrate Judge Deavers |
| Kevin John O'Brien, *et al.*, | |
|     Defendants. | |

<u>Opinion and Order</u>

This matter is before the Court on the unopposed motion of plaintiff Laura B. Morton for an award of attorneys' fees which she expended on appeal defending the district court judgment. For the reasons stated below, plaintiff's motion is granted.

I.

Plaintiff brought this suit under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. The case went to trial and the jury returned a verdict for plaintiff and awarded her $50,000 in actual damages and $1,000 in statutory damages. The Court awarded plaintiff attorneys' fees and costs in a total amount of $88,379.85.

Defendant Kevin O'Brien filed an appeal to the Sixth Circuit in which he challenged both the verdict and the award of attorneys' fees and costs. On April 4, 2023, the Sixth Circuit issued a decision affirming the judgment and fee award. The Sixth Circuit has since issued a mandate.

Plaintiff now moves for an award of $22,530.50 in attorneys' fees for services rendered on appeal. Defendant has not filed a response to the motion.

II.

A district court has the authority to decide whether to award attorneys' fees incurred in defending a judgment on appeal. *See Shinman v. Operating Eng'rs, Local 18*, 719 F.2d 879, 880 (6th Cir. 1983), vacated on other grounds, 744 F.2d 963 (6th Cir. 1984) (holding that "district courts are ordinarily the preferable forum to determine attorneys' fees for services rendered on appeal") (citing *Northcross v. Bd. of Ed. of Memphis City Sch.*, 611 F.2d 624, 637 (6th Cir. 1979)); *Dowling v. Litton Loan Servicing LP*, 320 Fed. App'x 442, 450 (6th Cir. 2009) (in a FDCPA case, stating that "the district

court should decide the question [of attorney's fees incurred in defending the judgment on appeal] in the first instance.").

When a "statute provides for an award of attorney's fees to a prevailing party, 'reasonable appellate fees may [also] be awarded to [the] prevailing part[y].'" *Dowling*, 320 Fed. App'x at 450 (quoting *Riley v. Kurtz*, 361 F.3d 906, 915 (6th Cir. 2004)). *See also Free v. Briody*, 793 F.2d 807, 808–09 (7th Cir. 1986). Here, the FDCPA provides that a plaintiff in a "successful action to enforce" liability is entitled to an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Thus, the Court finds that plaintiff is entitled to an award of attorneys' fees which she incurred on appeal.

### III.

The Court determines an award of attorney's fees by using the lodestar method, under which a reasonable hourly rate is multiplied by the number of hours reasonably expended on the litigation. *Lee v. Javitch, Block & Rathbone, LLP*, 568 F.Supp.2d 870, 879–80 (S.D. Ohio 2008) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Because of its objectivity, "there is a strong presumption that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010).

The same two attorneys who represented plaintiff in the original proceedings also represented her on appeal. Gregory Reichenbach has been practicing law since 2004, and his practice focuses on representing lower-to-middle income individuals in consumer law matters. Edward Icove has been practicing law since 1977, and he has practiced in numerous legal areas, including consumer law.

Plaintiff requests that the Court apply the same rates which it found to be reasonable in its prior award of attorneys' fees: $400 per hour for Mr. Reichenbach and $425 per hour for Mr. Icove. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (a reasonable hourly rate should be determined according to the prevailing market rates in the relevant legal community). Because the Sixth Circuit affirmed the reasonableness of these rates, the Court will apply them again in calculating the lodestar for fees on appeal.

Turning to the number of hours expended, plaintiff has submitted declarations from Mr. Reichenbach and Mr. Icove, along with detailed billing records. Mr. Reichenbach represents that he expended 39.4 hours, and Mr. Icove represents that he expended 15.7 hours. Plaintiff has also attached her appellate brief, which was 60 pages in length and addressed the five issues raised by defendant on appeal. The Sixth Circuit decided the matter on the briefs, without oral argument.

The reasonable number of hours will not include "hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  While representation by multiple legal counsel "can be productive," "the danger of duplication [is] a waste of resources which is difficult to measure." *Coulter v. Tenn.*, 805 F.2d 146, 151-52 (6th Cir. 1986).

Upon review of the billing records, the Court finds that Mr. Reichenbach and Mr. Icove performed complimentary, but not duplicate, services.  Mr. Reichenbach performed the large majority of research and drafting for the appellate brief.  This accounted for 34.8 hours of Mr. Reichenbach's time.  Mr. Icove performed discrete areas of research, monitored the appellate proceedings and prepared miscellaneous filings.  The Court finds that the amount of time they spent on performing these legal services was reasonable.

The only billing entries which the Court finds should be excluded are those relating to defendant O'Brien's Chapter 13 bankruptcy proceedings.  Mr. Reichenbach billed 1.6 hours and Mr. Icove billed 1.5 hours for services relating to the bankruptcy case.  According to plaintiff's motion for an award of fees, time was required of both attorneys to address "issues" which arose in the bankruptcy case, but the motion does not identify or explain the nature of those issues.  The billing entries show that counsel prepared a motion to dismiss for filing in the bankruptcy case.  Without more, plaintiff has not established that the bankruptcy-related services were necessary to defending the district court judgment.  Thus, the Court will subtract 1.6 hours from Mr. Reichenbach's billed time of 39.4 hours and 1.5 hours from Mr. Icove's billed time of 15.7 hours.

The Court thus allows 37.8 hours for Mr. Reichenbach at an hourly rate of $400.  His portion of the lodestar amount is $15,120.00.  The Court allows 14.2 hours for Mr. Icove at an hourly rate of $425.  His portion of the lodestar amount is $6,035.00.  The Court further allows 0.7 hours billed by Mr. Icove's paralegal (for filing and downloading appellate briefs and materials) at the rate of $140.00/hour, for a total of $98.00.

IV.

The Court thus grants plaintiff's motion for a supplemental award of attorneys' fees and costs (doc. 136), and awards a total of $21,253.00 for fees expended on appeal.

> s/ James L. Graham
> JAMES L. GRAHAM
> United States District Judge

DATE: June 15, 2023